THE STATE OF OHIO, APPELLEE, *v.* LEE, APPELLANT.

(No. 10906—Decided April 20, 1983.)

*Mr. Lynn Slaby,* prosecuting attorney, for appellee.

*Mr. Michael C. Conway,* for appellant.

GEORGE, J. The appellant, Cornelius Lee, a.k.a. Cross, a.k.a. La Cross, was convicted of two counts of rape in violation of R.C. 2907.02. This court affirms.

The appellant alleges the victim was incompetent to render testimony.

"I. The trial court erred in overruling defendant-appellant's objection to the competency of a five (5) year old witness to testify in violation of the Sixth and Fourteenth Amendments to the United States Constitution."

The victim of the rape was a five year old girl. Persons under the age of ten are rebuttably presumed to be incompetent to testify. R.C. 2317.01. This court in *Hill* v. *Skinner* (1947), 81 Ohio App. 375, 377 [37

O.O. 213], set forth the test to be used in determining the competency of a witness under the age of ten:

"The essential test of the competency of an infant witness is his comprehension of the obligation to tell the truth and his intellectual capacity of observation, recollection and communication. The nature of his conception of the obligation to tell the truth is of little importance if he shows that he will fulfill the obligation to speak truthfully as a duty which he owes a Diety or something held in reverence or regard, and if he has the intellectual capacity to communicate his observations and experiences."

The test for determining competency which the trial court must apply is twofold. The court, in its hearing, must determine: first, that the witness has the intellectual capacity to recount the events accurately, and; second, that the witness understands the necessity of telling the truth. Evid. R. 601(A).

The appellant attacks the competency of the witness on several grounds. The appellant asserts the child had an inadequate perception of time to accurately recount the activities. The record indicates that the child placed events which happened in the past in terms of "yesterday." The child's inability to accurately assign a date to past events does not hinder her ability to competently render testimony. The date of the offense, material to a conviction, was testified to by other witnesses.

The appellant also asserts that the victim did not fully appreciate the need to tell the truth. The record shows the witness could not define oath nor did she know who told her about God. The fact that this five year old could not define "oath" is not dispositive of the question of the witness' competency. Further, being unable to remember the source of her knowledge about God does not render her testimony incompetent.

The record indicates that the trial court extensively questioned the witness in determining her competency. The information which was elicited from the witness supports the trial court's finding that the witness was competent to testify.

The determination of competency is within the sole discretion of the trial court. *Hill* v. *Skinner, supra. State* v. *Rossi* (Nov. 18, 1981), Summit App. No. 10124, unreported. Absent a showing of an abuse of discretion by the trial court, this court will not disturb its ruling. This court finds no abuse of discretion on the part of the trial court in permitting the witness to testify.

"II. The trial court erred in overruling defendant-appellant's objections to an improper courtroom demonstration, thereby denying defendant-appellant a fair and impartial trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution."

The record indicates that the appellee used two dolls with anatomical details to assist the victim in describing the action of the appellant. The appellant asserts that the dolls lacked anatomical accuracy which resulted in prejudice to the appellant. The trial court found that the dolls were adequately representative for purposes of the demonstration.

"* * * The rule is that the court has wide discretion in determining whether or not a jury shall be permitted to observe an exhibition of mechanical devices or experiments." *Simes* v. *Dayton-Xenia Ry. Co.* (1937), 24 Ohio Law Abs. 595, 598.

The trial court found that the young witness was aided by the models she used. The record indicates that the witness was unable to relate to the jury the events using the appropriate sexual or physiological terminology. The dolls were used to clarify the witness' explanation and to insure a common understanding between the witness and jury as to the events which took place.

The trial court did not abuse its discretion in permitting the witness to use the dolls to illustrate her testimony. The second assignment of error is overruled.

"III. The trial court erred in overruling defendant-appellant's motion to exclude the expert testimony of the state's medical doctor in violation of the Sixth and Fourteenth Amendments to the United States Constitution."

The appellant objects to the admission of the statements of the state's medical expert because the responses and opinions rendered lacked the requisite medical certainty. On cross-examination the witness stated:

"Q. Okay. Your response was that probably the — this red marking, this bruising you saw was caused by some attempt at sexual intercourse or penetration; is that what your testimony is?

"A. I said it was highly probable, that it was due to sexual contact.

"Q. Sexual contact?

"A. Yes."

This court cannot find error in the trial court's admission of the physician's testimony.

The test which has been set forth regarding the admissibility of an expert's statements was stated in *State* v. *Austin* (1976), 52 Ohio App. 2d 59, 67 [6 O.O.3d 43].

"* * * The test as to the admissibility of the opinion of a doctor is as follows:

" '* * * [T]he witness must connect the two with reasonable medical certainty. Probability, and not possibility, is required. * * *' "

The record demonstrates that the physician did not state her opinion in terms of conclusive determinations. The testimony of the physician was, however, probative as to the issues of whether the victim was raped. The physician's statements were made in terms of probability rather than mere possibilities.

The third assignment of error is overruled.

"IV. The trial court erred in overruling defendant-appellant's motion for a directed verdict of acquittal and new trial, as the verdict was against the greater weight and sufficiency of the evidence."

In *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340], the court held:

"A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt."

This court finds that there was substantial credible evidence upon which the jury could reasonably conclude, beyond a reasonable doubt, that the defendant raped his victim twice. Several witnesses identified the appellant as being in the home of the victim at the time of the rape.

The witnesses gave testimony as to the child's physical appearance and her demeanor immediately following the incident. The other members of the household testified that the victim was asleep on the couch prior to the incident. The victim stated that she was taken from the couch in the living room to the basement where she was raped. The victim's mother stated that the child's clothes were eventually found in the basement.

While the defendant offered an alibi, it is within the discretion of the jury to weigh the testimony and determine the credibility of each witness. This court finds no error in the jury's determination.

This court cannot find that the trial court erred in denying the appellant's motions for a directed verdict or a new trial. Accordingly, the fourth assignment of error is overruled.

This court finds that the appellant's assignments of error are not well-taken. This court affirms the judgment of the trial court.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.