THE STATE OF OHIO, APPELLEE, *v.* KIRK, APPELLANT.

(No. CA-7132 — Decided October 19, 1987.)

*Michael Ogline,* city prosecutor, for appellee.

*Stark County Public Defender, Edward H. Kraus* and *Pamela A. Conger,* for appellant.

WISE, J.   Defendant-appellant, Cindy Kirk, appeals from her conviction following trial by jury on the charge of child endangering in the Alliance Municipal Court. Appellant argues the following sole assignment of error:

"The trial court abused its discretion in allowing a six year old child to testify who was not competent to testify pursuant to Ohio Rule of Evidence 601."

Appellant was charged with child endangering as the result of a beating that her son, Joshua, had received in November 1986. The state presented eight witnesses. Four of the eight witnesses testified that they saw appellant beat Joshua with a shoe. This appeal involves the testimony of the fourth of these eyewitnesses, appellant's daughter Christina.

Christina was six years old at the time of trial. The trial court conducted a *voir dire* examination of Christina outside the presence of the jury, as required due to her tender age. *State* v. *Wilson* (1952), 156 Ohio St. 525, 46 O.O. 437, 103 N.E. 2d 552.

Evid. R. 601(A) states:

"Every person is competent to be a witness except:

"(A) Those of unsound mind, and children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *."   See, also, R.C. 2317.01. Although Ohio Evid. R. 601 differs significantly from Fed. Evid. R. 601,

the object of the rule is the same. The rule's purpose is to declare all persons competent to testify in all cases, unless specifically designated as incompetent. 1 Weissenberger, Ohio Evidence (1987), Section 601.1.

Under the Ohio rule, all children are competent to testify, except those children under ten who: (1) appear incapable of receiving just impressions of the facts as to which they are examined; or (2) are incapable of relating those facts truly. *State* v. *Lewis* (1982), 4 Ohio App. 3d 275, 4 OBR 494, 448 N.E. 2d 487. Compare *State* v. *Lee* (1983), 9 Ohio App. 3d 282, 9 OBR 497, 459 N.E. 2d 910.[1]

The record indicates that the trial court conducted a careful examination of Christina to determine her competency to testify. We may not disturb the trial court's determination that Christina was competent to testify absent a clear showing of an abuse of discretion. *State* v. *Workman* (1984), 14 Ohio App. 3d 385, 14 OBR 490, 471 N.E. 2d 853; and, see, *State* v. *Johnson* (1986), 38 Ohio App. 3d 152, 528 N.E. 2d 567.

Appellant contends that the trial court did abuse its discretion in allowing Christina to testify. Appellant argues that the direct examination of Christina by the prosecution was not proper and that Christina never demonstrated that she knew what would happen if she did not tell the truth.

We note that a number of Christina's responses were marked as "inaudible" in the transcript of proceedings. This is regrettable, but not necessarily fatal in this case. First of all, most of Christina's responses were transcribable and are in the record before us. Second, as the Ohio Supreme Court has stated:

"* * * The child's appearance, fear or composure, general demeanor and manner of answering, and any indication of coaching or instruction as to answers to be given are as significant as the words used in answering during the examination, to determine competency. * * *" *Wilson, supra,* at 532, 46 O.O. at 440, 103 N.E. 2d at 556.

It is clear from the record that Christina could answer questions and she did state that she would tell the truth. The trial court was satisfied that she knew the difference between the truth and a lie and would tell the truth.

It is not required that the child profess a belief in a vengeful god, nor must the child have ready, intelligent answers to such perplexing questions as "If you tell a lie, what happens to you?" The crucial inquiry is the morality of speaking truthfully. See *Harville* v. *State* (Ala. 1980), 386 So. 2d 776. A court should take into consideration (1) a child's ability to perceive accurate impressions of fact or the capacity to observe acts about which she is to testify; (2) a child's ability or capacity to recollect those impressions or observations; (3) the child's ability to recall and her capacity to communicate what was observed; and (4) the child's understanding of truth and falsity and her capacity to appreciate her moral responsibility to be truthful. *Kelluem* v. *State* (Del. 1978), 396 A. 2d 166.

---

[1] We disagree with the pronouncement in *State* v. *Lee* that "[p]ersons under the age of ten are rebuttably presumed to be incompetent to testify." *Id.* at 282, 9 OBR at 497, 459 N.E. 2d at 911. We perceive the competency determination as a discretionary call by the trial judge, unfettered by evidentiary or procedural presumptions. The rule requires the demonstration of a negative, that is to say, it must be shown that the child is "incapable of receiving just impressions * * * or of relating [the facts] truly." But compare, also, Weissenberger, *supra,* at Section 601.3.

The trial court was in a better position to observe Christina's conduct and demeanor, as it related to competency, than this court, which only reads the testimony from the cold record. *Barnett* v. *State* (1922), 104 Ohio St. 298, 135 N.E. 143. The appellant has not demonstrated a clear abuse of the trial court's discretion in this matter.

Moreover, we note that three other eyewitnesses to the beating of Joshua testified at trial. Assuming, *arguendo*, that the trial court erred in allowing Christina to testify, we fail to see how such error was harmful to appellant. Christina's testimony was merely cumulative and not particularly helpful to the state's case. We hold that its admission, if error, was harmless beyond a reasonable doubt and did not contribute to appellant's conviction. See *State* v. *Abrams* (1974), 39 Ohio St. 2d 53, 68 O.O. 2d 30, 313 N.E. 2d 823; and *Chapman* v. *California* (1967), 386 U.S. 18.

Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the Alliance Municipal Court.

*Judgment affirmed.*

Milligan, P.J., and Turpin, J., concur.