OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Vincent Fleck, guilty of gross sexual imposition and sentenced him to a term of four years. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following five assignments of error:
"ASSIGNMENTS OF ERROR
"First Assignment of Error
 "THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION WHEN IT MADE A FINDING THAT THE 8 YEAR OLD VICTIM WAS COMPETENT TO TESTIFY AND THUS VIOLATED APPELLANT'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
"Second Assignment of Error:
 "THE TRIAL COURT COMMITTED ERROR IN ALLOWING THE STATE TO INTRODUCE INTO EVIDENCE THE ALLEGED VICTIM'S HEARSAY STATEMENTS THAT RESULTED IN THE PREJUDICE OF APPELLANT'S RIGHTS TO DUE PROCESS, A FAIR TRIAL, AND THE RIGHT TO CONFRONT WITNESSES AGAINST HIM IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTION.
"Third Assignment of Error:
 "THE TRIAL COURT COMMITTED ERROR THAT OPERATED TO PREJUDICE APPELLANT WHEN IT READ TO THE JURY DURING THEIR DELIBERATION A PORTION OF SPECIFIC HEARSAY TESTIMONY BY THE ALLEGED VICTIM, OVER APPELLANT'S OBJECTION.
"Four Assignment of Error:
 "THE TRIAL COURT COMMMITTED ERROR WHEN APPELLANT WAS FOUND TO BE A SEXUALLY-ORIENTED OFFENDER BASED UPON THE EVIDENCE PRESENTED WHEN THE STATUTE IS NOT RATIONALLY RELATED TO A VALID STATE'S INTEREST WHEN THERE IS NO HISTORY OR EVIDENCE THAT APPELLANT IS LIKELY TO REPEAT THE OFFENSE.
"Fifth Assignment of Error:
 "THERE WAS INSUFFICIENT EVIDENCE FOR APPELLANT'S CONVICTION FOR GROSS SEXUAL IMPOSITION AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The following facts are relevant to this appeal. Appellant was indicted on February 4, 1998 on one charge of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The indictment charged appellant with sexual contact with one under the age of thirteen.
Appellant's two day trial began on June 1, 1998. At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29. The motion was denied. The defense presented its case. At the close of testimony, the motion for acquittal was renewed and overruled.
The jury returned a guilty verdict on the offense of Gross sexual imposition. Pursuant to R.C. 2950.09(B), the trial court found appellant to be a sexually oriented offender. Appellant was sentenced to a definite term of four years. Appellant timely filed his notice of appeal.
In his first assignment of error, appellant argues that the trial court erred in finding that the eight year old victim was competent to testify. This court finds no merit in this assignment of error.
Pursuant to Evid.R. 601, every person is competent to testify except one who is of unsound mind or a child under the age of ten who is incapable of receiving valid impressions of the facts upon which he or she is to be examined and truthfully relating those impressions. State v. Ulis (1993), 91 Ohio App.3d 656,665. In State v. Frazier (1991), 61 Ohio St.3d 247, syllabus, the Ohio Supreme Court set forth five factors that a trial judge must consider in deciding whether such a child is competent to testify:
 "* * * (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity, and (5) the child's appreciation of his or her responsibility to be truthful." Id. at 247 syllabus.
It is, therefore, incumbent upon a court when determining the competency of a child under the age of ten to satisfy itself that the youngster is capable of properly (1) receiving, (2) recalling, and (3) truthfully recounting his or her observations. Id. The trial court must conduct voir dire to determine, in its discretion, whether the child is competent to testify. Id. at 250-251; State v. Lee (1983), 9 Ohio App.3d 282, 283. The child's appearance, demeanor, manner of answering questions posed, and the presence or absence of indication of coaching are factors the trial court should consider in determining a child's competence to testify. State v. Frazier, 61 Ohio St.3d at 250-251; State v.Wilson (1952), 156 Ohio St. 525.
The determination of whether a child is competent to testify rests within the sound discretion of the court. State v.Clark (1994), 71 Ohio St.3d 466, 469. Because the trial court has the opportunity to personally observe and question the child, a reviewing court will not reverse a finding of competency in the absence of abuse of discretion. State v. Lewis (1982), 4 Ohio App.3d 275,277. An "abuse of discretion" is more than an error of law or of judgment, the term connotes that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
In regard to the propriety of the court's competency determination, this court has carefully examined the transcript of the June 1, 1998 hearing and concludes that the trial court was within its discretion in finding the victim competent to testify. In this case, the child witness was asked on voir dire about her previous attendance at school and about what she had done the prior Thanksgiving holiday, a holiday in the same time period as when the charge arose. She testified about where she spent the Thanksgiving holiday, what she ate and who else was present. She also testified about her prior birthday party, who attended and what gifts she received. Although the evidence on the first factor was not overwhelming, it was sufficient.
Appellant argues that the state failed to prove that the child witness satisfied the last factor listed in Frazier because she was unable to say, in response to questioning by the trial court, what would be the consequences of telling a lie in court. She had, however, demonstrated that she understood the difference between the truth and a lie. She also responded negatively to the question "Is it OK to tell a lie?" Despite the fact that she was unable to answer a direct question by the trial court about what would happen to her if she did not tell the truth in court, the evidence was sufficient that she appreciated her responsibility to tell the truth. She did testify that she would be punished if she did not tell the truth. Therefore, the trial court did not abuse its discretion in finding the child witness competent.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred in allowing the victim's statement into evidence. The testimony at issue was the child victim's question to her cousins, overheard by her mother: "Does your Dad ever do sick, weird things to them." This court finds no merit in this assignment of error.
Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." A witness is barred on hearsay grounds from testifying as to the statements made by another only when the statement is offered to prove the truth of the matter asserted in the statement, and only where the statement falls outside any exceptions to the rule against hearsay as set forth in, e.g., Evid.R. 803 and 804. State v. Davis (1991), 62 Ohio St.3d 326,344.
In State v. Carter (1995), 72 Ohio St.3d 545, the defendant argued that the trial court committed prejudicial error in allowing a witness to testify as to questions allegedly asked by the defendant which the witness overheard. The witness testified that he overheard the defendant question the father of the witness as to where a gun and ammunition could be obtained. The Court concluded that the questions did not fall within the definition of hearsay because they did not constitute "assertions." In Carter, the Ohio Supreme Court held:
 "2. Because a true question or inquiry is by its nature incapable of being proved either true or false and cannot be offered `to prove the truth of the matter asserted,' it does not constitute `hearsay' as defined by Evid.R. 801." Id. at 545, paragraph two of the syllabus.
The Supreme Court quoted the following from 2 McCormick on Evidence (4 Ed. 1992) 98, Section 246: "An `assertion' for hearsay purposes `simply means to say that something is so, e.g., that an event happened or that a condition existed.'" (Emphasis in original.). Id. at 549. The Court further stated that
 "* * * because a true question or inquiry is by its nature incapable of being proved either true or false and cannot be offered `to prove the truth of the matter asserted,' it does not constitute hearsay as defined by Evid.R. 801. (Citations omitted.) [The defendant's] questions fall into this nonassertive category, and [the witness] could properly testify as to the fact that [the defendant] asked them. The trial court properly allowed this testimony by [the witness]." Id. at 549-550.
Although the trial court in the case sub judice admitted the testimony at issue as an excited utterance, a hearsay exception, this court finds that the testimony regarding the child victim's question to her cousins is not hearsay. State v. Carter,72 Ohio St.3d at 549-550.
It has long been the law in Ohio that "* * * where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." Agricultural Ins. Co. v.Constantine (1944), 144 Ohio St. 275; 284. See, also, State exrel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92; Cook v.Cincinnati (1995), 103 Ohio App.3d 80. Thus, when a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial. Newcomb v.Dredge (1957), 105 Ohio App. 417, 424; State v. Payton (1997),124 Ohio App.3d 552, 557.
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that the trial court abused its discretion when, upon request by the jury during its deliberations, a portion of the trial transcript was read to the jury. This court finds no merit in this assignment of error.
In State v. Berry (1971), 25 Ohio St.2d 255, paragraph four of the syllabus, the Ohio Supreme Court held:
 "After jurors retire to deliberate, upon request from the jury, a court in the exercise of sound discretion may cause to be read all or part of the testimony of any witness, in the presence of or after reasonable notice to the parties or their counsel."
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. (Citations omitted).
Based upon the above case law and this court's review of the trial transcript, this court concludes that the trial court did not abuse its discretion when, upon request by the jury during its deliberations, a portion of the trial transcript was read to the jury.
Accordingly, appellant's third assignment of error is found not well-taken.
In his fourth assignment of error, appellant argues that the trial court erred when appellant was found to be a sexually oriented offender. This court finds no merit in this assignment of error.
R.C. 2950.01(D)(1) provides:
 "(D) `Sexually oriented offense' means any of the following offenses:
 "(1) Regardless of the age of the victim of the offense, a violation of section 2907.02, 2907.03, or 2907.05 of the Revised Code; * * *."
Appellant was convicted of violating R.C. 2907.05. The Ohio Supreme Court has found R.C. Chapter 2950 and its classification system to be constitutional; the application of R.C. Chapter 2950 to persons such as appellant was also found to be constitutional.State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
Appellant relies upon State v. Boeddeker (Feb. 13, 1998), Hamilton App. No. C-970471, unreported, for his argument that because the sexually oriented offender registration requirement bears no rational relation to the state's goals, it is arbitrary and unreasonable and violates the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions. This court has previously addressed these arguments in State v.Redden (Mar. 19, 1999), Lucas App. No. L-98-1087, unreported, and found them unpersuasive.
Accordingly, appellant's fourth assignment of error is found not well-taken.
In his fifth assignment of error, appellant argues that there was insufficient evidence for his conviction of gross sexual imposition and that the jury's verdict was against the manifest weight of the evidence. This court finds no merit in this assignment of error.
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Supreme Court of Ohio stated:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 In State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus, the Ohio Supreme Court stated that "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." The court also noted:
 "* * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. (Citation omitted.)" Id. at 386.
 In contrast to sufficiency, the court stated the following in regard to weight of the evidence:
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.) (Emphasis [sic].) Id.
at 387.
 The Ohio Supreme Court also noted that when an appellate court reverses a verdict as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
The Thompkins court then cited State v. Martin (1983), 20 Ohio App.3d 172, 175, and quoted the following:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." 78 Ohio St.3d at 387 (quoting State v. Martin, 20 Ohio App.3d at 175).
In her concurrence, Justice Cook noted the following in regard to appellate review of a question involving manifest weight:
 "In contrast, in deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact. * * *" 78 Ohio St.3d at 390.
After thoroughly reviewing the entire record, we conclude that any rational trier of fact could have found that the essential elements of gross sexual imposition were proven beyond a reasonable doubt. Furthermore, after thoroughly reviewing the entire record, weighing the evidence and all reasonable inferences, this court cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice.
Accordingly, appellant's fifth assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., James R. Sherck, J., and Richard W. Knepper, J., CONCUR.