DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Manuel R. Luster, guilty of possession of cocaine. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following three assignments of error:
"ASSIGNMENT [sic] OF ERROR
 "I. THE TRIAL COURT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 "II. THE TRIAL COURT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "III. DEFENDANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
The following facts are relevant to this appeal. Appellant was indicted on March 22, 2000, on one charge of possession of crack cocaine, in violation of R.C. 2925.11(A) and (C)(4)(a).[1] The indictment resulted from appellant's arrest following a stop of the vehicle appellant was driving in Toledo, Ohio on February 2, 2000. Appellant's trial was held on October 16, 2000.
The arresting officer, a vice narcotics detective, testified that on February 2, 2000, at approximately 10:30 p.m., he began following the van appellant was driving after being alerted by another Toledo police detective that a known prostitute had entered the vehicle. This detective and a detective in another vehicle followed the vehicle until it stopped in a known drug trafficking area and another vehicle parked directly in front of the van. An individual from the second vehicle approached the van on the driver's side and began talking to appellant. The arresting officer testified that he saw a plastic baggie in appellant's right hand, held chest high; the officer testified that he saw what appeared to be a rock of crack cocaine about the size of a kidney bean in the baggie. The arresting officer testified that he then told the occupants and the individual outside the car to show him their hands. At this point, the arresting officer saw appellant's right hand, the hand with the baggie, go down toward the seat. The arresting officer testified that he drew his service weapon and told appellant to show the officer his hand; appellant raised his hand again, with the baggie still in his hand, and then his hand went down again and when he brought it up, the baggie was not there. After the occupants were removed from the van, the arresting officer found the baggie with the crack cocaine in it at the base of the driver's seat, described by the arresting officer as a captain's chair styled seat on a pedestal base.
The staff criminologist from the Toledo Police Crime Laboratory who conducted the analysis on the evidence in this case testified. He testified that substance he tested consisted of .91 grams of crack cocaine.
Following closing arguments and jury instructions, the jury deliberated and returned a guilty verdict on the offense charged. On November 17, 2000, appellant was sentenced to eleven months of incarceration. Appellant timely filed his notice of appeal.
This court will address appellant's first two assignments of error together. In his first assignment of error, appellant argues that his conviction is not supported by the sufficient evidence and in his second assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. This court finds no merit in either assignment of error.
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Supreme Court of Ohio stated:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
In State v. Thompkins (1997), 78 Ohio St.3d 380, 386, the Ohio Supreme Court stated that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." The court also noted:
 "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." Id.
In contrast to sufficiency, the court stated the following in regard to weight of the evidence:
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.) (Emphasis added by Court.) Id. at 387.
The Ohio Supreme Court also noted that when an appellate court reverses a verdict as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
After reviewing the record in this case, this court concludes that any rational trier of fact could have found that the essential elements of possession of cocaine were proven beyond a reasonable doubt.
Accordingly, appellant's first assignment of error is found not well-taken.
This court has reviewed the entire record in this case and cannot say that the jury lost its way and created a manifest miscarriage of justice. Appellant's conviction was not against the manifest weight of the evidence.
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that he was denied effective assistance of trial counsel. This court finds no merit in this assignment of error.
The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Finally, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.
Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner.State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56, certiorari denied (1988), 488 U.S. 975. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156; State v. Martens (1993),90 Ohio App.3d 338, 351.
It is well established that the constitution does not guarantee a perfect trial or even the best available defense. The Sixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. Id. at 351. Effective assistance of counsel does not guarantee results. State v. Longo (1982), 4 Ohio App.3d 136,139. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney."State v. Hart (1988), 57 Ohio App.3d 4, 10.
In this assignment of error, appellant argues that his trial counsel should have investigated the owner of the van appellant was driving and that his trial counsel should have extended her cross-examination of the state's witnesses, in particular the arresting officer in regard to his eyesight and ability to see into the van.
Decisions such as the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Coulter (1992),75 Ohio App.3d 219, 230. Furthermore, decisions as to what questions will be asked a witness are tactical and do not constitute grounds for ineffective assistance of counsel. Debatable trial tactics generally do not constitute a deprivation of effective counsel. State v. Phillips
(1995), 74 Ohio St.3d 72, 85; State v. Clayton (1980), 62 Ohio St.2d 45,49. While hindsight may suggest alternative and more productive strategies, this court will not second guess defense counsel. Stricklandv. Washington, 466 U.S. at 689; State v. Carter (1995), 72 Ohio St.3d 545,558.
After a careful review of the record and the performance of appellant's trial counsel in light of the errors of practice appellant has asserted, this court concludes that appellant has failed to demonstrate that his trial attorney's conduct at trial was either ineffective or prejudicial.
Appellant has failed to establish that his counsel fell below an objective standard of reasonable representation and has failed to show his trial counsel's actions were prejudicial. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. * * *" Id., at 700.
Accordingly, appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., CONCUR.
[1] R.C. 2925.11, Possession of drugs, provides, in part:
 "(A) No person shall knowingly obtain, possess, or use a controlled substance.
"* * *
 "(C) Whoever violates division (A) of this section is guilty of one of the following:
 "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."