DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas which denied a motion to withdraw a guilty plea filed by appellant, Thomas Artiaga. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On November 20, 2000, appellant was indicted on five counts: one count of domestic violence; one count of contributing to the delinquency of a minor; one count of gross sexual imposition; one count of attempted rape; and one count of attempted sexual battery. All counts involved appellant's daughter who was less than thirteen years old. Appellant pled not guilty on November 22, 2000.
 {¶ 3} On April 3, 2001, a hearing on a plea agreement was held. Appellant, represented by retained counsel, pled guilty to one count of domestic violence, a misdemeanor of the first degree; one count of contributing to the delinquency of a minor, a misdemeanor of the first degree; and a revised count of attempted gross sexual imposition, a felony of the fourth degree. The state dismissed the other counts. The trial court informed appellant of his constitutional rights, the penalties for each count, and the possible sentences which could be imposed for each count. Appellant read and signed a plea agreement which outlined his rights and the sentencing parameters of each offense. At this hearing, appellant denied under oath that any promise or threats had been made to him in order to secure his guilty plea. Appellant's trial counsel, an experienced criminal defense attorney, stated at the plea hearing that he had gone through the plea agreement with appellant "line by line." The trial court questioned appellant regarding the written plea agreement and appellant verbally acknowledged that his guilty plea was a complete admission of his guilt. Appellant also indicated that he was satisfied with the services of his attorney.
 {¶ 4} On June 28, 2001, the sentencing hearing was held. Prior to the hearing, an in-chambers hearing was held between appellant's trial counsel, the state's attorneys and the trial judge. The trial judge, prompted by letters from the child victim about her recantation of the allegations, specifically stated to appellant's trial counsel that if appellant's expectations were something other than prison, that the trial judge would let appellant withdraw his plea. Appellant's trial counsel stated that appellant's expectations were realistic based upon their conversations.
 {¶ 5} The sentencing hearing was then held. The trial court sentenced appellant to a term of eighteen months on the attempted gross sexual imposition count and six months on each of the misdemeanor charges to be served concurrently with the eighteen months on the attempted gross sexual imposition count. At the hearing, appellant was also found to be a sexual predator. No appeal was filed.
 {¶ 6} On August 24, 2001, appellant filed a pro se motion to withdraw his guilty plea. On September 24, 2001, the trial court appointed an attorney to represent appellant. On December 12, 2001, a hearing on appellant's motion to withdraw his guilty plea was held. At this hearing, appellant, his wife, daughter and sister as well as his trial counsel testified. Appellant's testimony differed from that of his trial counsel on several significant points, such as when the plea agreement was presented to appellant; trial counsel testified that they met in his office on the Thursday before the plea was taken on Tuesday. Trial counsel testified that he never indicated that appellant was likely to be placed on probation and trial counsel testified that he conveyed to appellant that the issue was not whether a prison term would be imposed but what the length of the term would be. Trial counsel also testified that he did not recall appellant's refusal to sign the plea agreement at first and had no recollection that appellant indicated any reluctance or unwillingness to sign the plea agreement. On December 17, 2001, the trial court denied appellant's motion. This appeal followed.
 {¶ 7} Appellant sets forth the following two assignments of error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.
 {¶ 9} "II. THE DEFENDANT WAS PROVIDED WITH INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 10} In his first assignment of error, appellant argues that the trial court erred when it denied appellant's motion to withdraw his guilty plea. This court finds no merit in this assignment of error.
 {¶ 11} Crim.R. 32.1 provides:
 {¶ 12} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 13} In State v. Smith (1977), 49 Ohio St.2d 261, paragraphs one, two and three of the syllabus, the Ohio Supreme Court held:
 {¶ 14} "1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1.)
 {¶ 15} "2. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.
 {¶ 16} "3. An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."
 {¶ 17} Upon a thorough review of the record in this case and the application of the above law, this court concludes that appellant has failed to establish the existence of manifest injustice and that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.
 {¶ 18} Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 19} In his second assignment of error, appellant argues that he was provided with ineffective assistance of trial counsel. This court finds no merit in this assignment of error.
 {¶ 20} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorneys' deficient performance. Id. at 693.
 {¶ 21} Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156; State v. Martens (1993), 90 Ohio App.3d 338,351.
 {¶ 22} It is well established that the constitution does not guarantee a perfect trial or even the best available defense. The Sixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. Id. at 351.
 {¶ 23} Effective assistance of counsel does not guarantee results. State v. Longo (1982), 4 Ohio App.3d 136, 139. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart
(1988), 57 Ohio App.3d 4, 10.
 {¶ 24} In appellant's second assignment of error, he contends that his trial counsel was ineffective in failing to inform appellant that he could withdraw his guilty plea if he expected something other than prison. However, in addressing a similar claim in State v. Pierce (Jan. 27, 1994), Cuyahoga App. No. 64170, 64171, the appellate court stated:
 {¶ 25} "As noted supra, Crim.R. 11(C)(2) did not require appellant understand Crim.R. 32.1, or demonstrate such an understanding, as a prerequisite to the trial court's acceptance of appellant's guilty pleas. In addition, this court can find no rule of law, constitutional provision or case law, requiring defense counsel or the trial court to instruct criminal defendants with respect to Crim.R. 32.1. In light of these facts, it cannot be said defense counsel's performance was deficient with respect to the instruction of Crim.R. 32.1." See, also, State v.Mushrush (1999), 135 Ohio App.3d 99, 106, in which the appellate court, finding no ineffective assistance of counsel, stated:
 {¶ 26} "* * * [C]ounsel did not misinform the defendant of the possible sentences, nor did counsel's performance in the plea negotiations or at the plea hearing in any way induce the defendant to plead guilty to the offenses charged in the indictment."
 {¶ 27} Without a showing that counsel's performance was deficient, appellant's claim must fail.
 {¶ 28} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 29} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.