DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Wood County Court of Common Pleas which, following a jury trial, found appellant, Kevin Seibert, guilty of menacing by stalking, in violation of R.C. 2903.211, with an additional finding that, in committing the offense, appellant trespassed on the land or premises where the victim lives, is employed, or attends school. Appellant was sentenced to two years community control sanctions, with the conditions that he serve 60 days in jail with eligibility for work release, avoid future contact with the victim, contact Behavioral Connections for evaluation and treatment, and complete 300 hours of community service work.
 {¶ 2} Appellant appeals his conviction and raises the following assignments of error:
 {¶ 3} "Assignment of Error Number One
 {¶ 4} "The trial court erred in failing to apprise appellant of his right to remain silent and not testify at trial.
 {¶ 5} "Assignment of Error Number Two
 {¶ 6} "Trial counsel was ineffective for failing to advise appellant of his right to remain silent and not testify at trial.
 {¶ 7} "Assignment of Error Number Three
 {¶ 8} "Trial counsel was ineffective for failing to object to the state's publishing to the jury of a video tape obtained from appellant during cross-examination and for failing to object to the state's referral to other charges against appellant."
 {¶ 9} At trial, appellant took the stand in his own defense. In his first assignment of error, appellant argues that the trial court erred in failing to apprise him of his right to remain silent and not to testify. Appellant asserts that the trial court's failure to inform appellant of his rights violated the United States and Ohio Constitutions and Miranda v. Arizona (1966), 384 U.S. 436. We disagree.
 {¶ 10} Section 10, Article I, Ohio Constitution states, in pertinent part, "* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel * * *." R.C.2945.43 states that in a criminal case, "a person charged with an offense may, at his own request, be a witness, but not otherwise." The Ohio Supreme Court has held that "a trial court is not required to conduct an inquiry with the defendant concerning the decision whether to testify in his defense." (Emphasis in original.) State v. Bey (1999),85 Ohio St.3d 487, 499. In this case, appellant took advantage of his constitutional right to testify in his own defense. There is absolutely no indication that he was compelled to testify against himself.
 {¶ 11} Moreover, we note that, contrary to appellant's argument, the doctrines announced in Miranda only arise in situations in which there is custody and official interrogation. See Berkemer v. McCarty
(1984), 468 U.S. 420, 437, 104 S.Ct. 3138, 3148-9, and Illinois v.Perkins (1990), 496 U.S. 292, 297, 110 S.Ct. 2394, 2397. Thus, "Miranda
only comes into play when government-generated coercion risks `undermining the individual's will to resist,' thereby leading him to disclose information he would otherwise not voluntarily reveal." UnitedStates v. Kilgroe (1992), 959 F.2d 802, 804, citing, Illinois, 496 U.S. at 2397, quoting, Miranda, 384 U.S. at 467. As such, we find that appellant's reliance on Miranda in this situation, where appellant took the stand in his own defense at trial, is misplaced. Appellant's first assignment of error is therefore found not well-taken.
 {¶ 12} Appellant argues in his second assignment of error that his trial counsel was ineffective for failing to advise him of his right to remain silent and not testify at trial. We note at the onset that the burden is on appellant to show counsel's ineffectiveness. State v.Hamblin (1988), 37 Ohio St.3d 153, 156.
 {¶ 13} Simply because trial counsel did not advise appellant on the record concerning his rights does not establish that counsel failed to advise him at all. As the Ohio Supreme Court noted in State v. Bays
(1999), 87 Ohio St.3d 15, 27, "It is normal practice for lawyers to advise their clients in private, rather than on the record." Accordingly, it is impossible to determine whether the attorney's representation was ineffective where the allegations of ineffectiveness are based on facts not appearing in the record. State v. Cooperrider
(1983), 4 Ohio St.3d 226, 228. When allegations of ineffective assistance of trial counsel are based upon facts outside the record, such claims should be raised in a postconviction relief proceeding, not on direct appeal. State v. Kajfasz (Jan. 26, 2001), 6th Dist. Nos. L-99-1116 L-99-1117 L-99-1118, citing, State v. Fredericy (March 11, 1992), Medina App. No. 2017; and State v. Walker (Dec. 29, 2000), Lucas App. No. L-99-1383. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 14} In his third assignment of error, appellant argues that his trial counsel was ineffective for failing to object to the state's publication of a video tape to the jury, which was obtained from appellant during cross-examination, and for failing to object to the state's reference to other charges pending against appellant. We disagree.
 {¶ 15} We note at the outset that, in Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to show counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391;State v. Hamblin (1988), 37 Ohio St.3d 153. The United States Supreme Court, in Strickland v. Washington (1984), 466 U.S. 668, 686, set forth a two-part test for reviewing claims of ineffectiveness:
 {¶ 16} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
 {¶ 17} The United States Supreme Court held that "[the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." Id. Specifically, to establish ineffectiveness, appellant must show that, but for counsel's deficient performance, there is a reasonable probability the result of the trial would have been different. Id.
 {¶ 18} The effective assistance of counsel, however, does not guarantee results. State v. Longo (1982), 4 Ohio App.3d 136. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart
(1988), 57 Ohio App.3d 4, 10. Reviewing courts must not use hindsight to second-guess trial strategy, and must keep in mind that different trial counsel will often defend the same case in different manners. SeeStrickland at 689.
 {¶ 19} The decision whether to object to the admission of evidence is a trial tactic, which should not be second guessed on appeal. SeeState v. Collier (Oct. 18, 2001), Cuyahoga App. No. 78960. Additionally, due to the fact that the tape was not transcribed, or made part of the record, we are unable to review the contents of the tape to determine its prejudicial nature, if any. Accordingly, we find that appellant failed to meet his burden of establishing that his trial counsel was ineffective for failing to object to the playing of the tape to the jury. SeeStrickland, supra.
 {¶ 20} With respect to appellant's reference to the other charges pending against him, we note that appellant volunteered the number of charges the victim had filed against him; thus, inviting any alleged error. Additionally, to the extent that the questions and answers established "a pattern of conduct" on appellant's part, as set forth in R.C. 2903.211(A), we find that such questions were properly posed to appellant and that appellant's counsel was not ineffective for failing to object. Furthermore, assuming arguendo that counsel should have objected, we find that appellant failed to establish any prejudice. The fact that appellant had been charged previously by the victim was introduced elsewhere during the trial; however, appellant did not object to these instances on appeal. Accordingly, we find that appellant failed to establish that, but for his counsel's failure to object to the state's questions, there was a reasonable probability that the result of the trial would have been different. We find that appellant's third assignment of error is therefore found not well-taken.
 {¶ 21} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer, J.