[Cite as *State v. Parra*, 2017-Ohio-5761.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                              Court of Appeals No. L-15-1290

      Appellee                                         Trial Court No. CR0201402519

v.

Shawn M. Parra                                      **DECISION AND JUDGMENT**

      Appellant                                        Decided:  July 7, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, Frank H.
Spryszak and Brenda J. Majdalani, Assistant Prosecuting Attorney,
for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common

Pleas that found appellant Shawn Parra guilty of one count of theft in office.  For the

following reasons, the judgment of the trial court is affirmed.

**{¶ 2}** The undisputed facts relevant to the issues raised on appeal are as follows. During the early morning hours of June 2, 2014, appellant, who was then a Toledo Police officer, and several other officers responded to a call to investigate possible vandalism at the vacant Clarion Hotel in Toledo, Ohio. During a search of the building, Officer Nathaniel Sahdala found a cell phone on the floor near what appeared to be a point of illegal entry. Sahdala put the phone in his pocket and continued the building search. When the search was complete, the seven officers involved discussed what to do with the phone, which they discovered was password locked. Although witness recollections vary as to whether appellant volunteered to take the phone or was asked to do it, it is undisputed that appellant left the scene with the phone in his possession.

**{¶ 3}** On September 24, 2014, appellant was indicted for theft in office, a felony of the fifth degree, in violation of R.C. 2921.41(A)(1). A jury trial commenced on September 14, 2015. The jury returned a verdict of guilty and on October 29, 2015, appellant was sentenced to three years of community control, including 200 hours of community service. This timely appeal followed.

**{¶ 4}** Appellant sets forth the following two assignments of error:

Assignment of Error One: Appellant was deprived of effective assistance of counsel in violation of U.S. Const.Amend. VI and Ohio Const. Art. I, § 10.

Assignment of Error Two: Appellant's conviction is against the manifest weight of the evidence and is unsupported by sufficient evidence.

2.

**{¶ 5}** Appellant presents several arguments in support of his claim that he was denied effective assistance of counsel. Appellant first asserts that counsel prejudicially elicited prior bad acts testimony from state witnesses and opened the door to character evidence. Appellant's other alleged instances of ineffective assistance include counsel's failure to subpoena appellant's roommate as an exculpatory witness; counsel's failure to substantiate appellant's illness, which allegedly kept him from working for a month after the incident; and counsel's failure to object to jury instructions regarding unauthorized use of property as a lesser included offense of theft.

**{¶ 6}** Before a conviction may be reversed for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington* (1984), 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland, supra*, at 691.

**{¶ 7}** "In evaluating a claim for ineffective assistance of trial counsel, courts must remember that "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant."

3.

*Strickland, supra*, at 688-689. In fact, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Id*.

{¶ 8} Appellant first asserts that trial counsel's conduct throughout the proceedings was sufficiently prejudicial from start to finish as to require reversal. Appellant raises arguments based on statements made by trial counsel in opening statements and closing argument. However, it is well settled that statements made by counsel in opening statements and closing arguments are not evidence. *State v. Frazier*, 73 Ohio St.3d 323, 338, 652 N.E.2d 1000 (1995). Appellant also argues that he was prejudiced because counsel was continually admonished by the court for various infractions; because counsel failed to properly timely submit his registration fee with the Ohio Supreme Court; and because counsel failed to appear for sentencing due to legal issues of his own. We see nothing in these arguments sufficient to warrant reversal. Appellant has failed to demonstrate how he was prejudiced by trial counsel submitting his registration fee late. Counsel was not suspended from the practice of law for the late payment. Trial counsel's failure to mail his check to the Supreme Court in a timely fashion had no bearing on his performance during trial and no effect on the outcome of the trial. Further, counsel's failure to appear at sentencing obviously had no bearing on the jury's verdict.

{¶ 9} Appellant next argues that he was prejudiced by trial counsel's eliciting prior bad acts testimony from several state's witnesses, which opened the door to character

4.

evidence. Appellant refers to testimony from Sergeant Edward Holland as to whether he knew anything about appellant that would affect his credibility as a police officer. Holland said he did not. On redirect, Holland mentioned appellant's off-duty DUI accident. Appellant also asserts that counsel opened the door to character evidence when he asked Lieutenant Kelli Russell whether he had any reason to question appellant's credibility as a police officer; Russell replied he did not. Third, during cross-examination of Detective Rider, defense counsel raised the issue of appellant's DUI and Rider stated he might question appellant's credibility on that basis.

{¶ 10} Ohio appellate courts have held that the scope of cross-examination clearly falls within the ambit of trial strategy and that debatable trial tactics do not establish ineffective assistance of counsel. *See State v. Acosta*, 6th Dist. Lucas No. L-09-1120, 2010-Ohio-5166, ¶ 36; *State v. Hoffner*, 102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48, ¶ 45. It appears that counsel's strategy here was to offer evidence that appellant had a reputation for following procedure on the job and did not have a reputation for dishonesty. The record reflects that defense counsel successfully elicited testimony to that effect from several of appellant's fellow officers: Officer Sahdala, Detective Rose, Sergeant Holland and Lieutenant Russell. This argument is without merit.

{¶ 11} Appellant also asserts that trial counsel was deficient for failing to subpoena appellant's roommate as an exculpatory witness. Appellant claims he forgot about the phone because his roommate removed it from appellant's car and placed it

somewhere in the house when he borrowed the car several days after the incident. An attorney's failure to subpoena a witness is generally within the realm of trial tactics. In order to obtain a reversal for ineffective assistance of counsel based on failure to subpoena a witness, a defendant must demonstrate that the witness's testimony would be of significant benefit to the defense. *State v. Ensley*, 6th Dist. Lucas No. L-94-277, 1995 WL 570516 (Sept. 29, 1995), citing *State v. Reese*, 8 Ohio App.3d 202, 203, 456 N.E.2d 1253 (1st Dist.1982). Appellant's argument as to the potential benefit of his roommate's testimony is purely speculative and without merit.

{¶ 12} Next, appellant asserts that trial counsel should have presented medical records and human resources records which would have substantiated an illness which kept him from working for a month after the incident. Appellant argues that such evidence would have been used to corroborate his own testimony that his month-long absence was due to serious illness. Appellant has not articulated how his medical records might have assisted in his defense for a theft offense or how he might have been prejudiced by trial counsel's failure to offer such evidence. Again, this argument, which is based purely on speculation, is without merit.

{¶ 13} Appellant argues further that there is a reasonable probability that he was prejudiced by trial counsel's failure to object to the state's request to instruct the jury on both theft and unauthorized use of property because unauthorized use is not a lesser included offense of theft. Ultimately, the jury was instructed as to both offenses although appellant was convicted only of theft in office. However, the record clearly reflects that

6.

trial counsel did in fact object to the inclusion of the unauthorized use of property instruction. Appellant correctly acknowledges in his reply brief that his attorney did object to the instruction. This argument is therefore without merit.

{¶ 14} Finally, appellant asserts that the cumulative effect of trial counsel's conduct throughout the proceedings requires reversal. While it can be argued that counsel made tactical mistakes during trial, a defendant is entitled to a reasonable standard of representation, not perfect representation. *State v. Hall*, 10th Dist. Franklin No. 04-AP-1242, 2005-Ohio-5162, ¶ 41.

{¶ 15} "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." *State v. Hart*, 57 Ohio App.3d 4, 10, 566 N.E.2d 174 (6th Dist.1988). Further, reviewing courts must not use hindsight to second-guess trial strategy. *See Strickland, supra*, 466 U.S. 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. In conclusion, this court finds that appellant has not shown that counsel's performance altered the outcome of the trial. Appellant's first assignment of error is not well-taken.

{¶ 16} In his second assignment of error, appellant asserts that the state produced insufficient evidence to show that he acted with "purpose" to commit theft and that his conviction is against the manifest weight of the evidence.

{¶ 17} Sufficiency of the evidence is a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of the crime. *State v.*

*Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541(1997). When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must

examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 18} In contrast, a manifest weight challenge questions whether the state has met its burden of persuasion. *Id.*, *supra*, at 387. In making this determination, the court of appeals sits as a "thirteenth juror" and, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.*, *supra*, at 386, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 19} Appellant was found guilty of one count of theft in office in violation of R.C. 2921.41(A)(1) and (B), which provides in relevant part that no public official shall commit any theft offense when the offender uses his office in aid of committing the offense. R.C. 2913.02, theft, states in relevant part that no person, with purpose to

8.

deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services without the consent of the owner or person authorized to give consent.

{¶ 20} With regard to sufficiency of the evidence, appellant asserts that the state failed to prove that he purposely deprived someone of property when he picked up the cell phone. Appellant admits that he failed to book the phone as "found property" before the end of his shift, according to Toledo Police Department ("TPD") procedure, and testified that he had hoped the owner would call the phone in an attempt to reclaim it. Testimony at trial showed that appellant failed to return the phone after it was recovered and took the phone home with him. The phone was not recovered by the TPD until officers, acting upon an address obtained by the owner of the phone when she used the GPS locater function, went to appellant's house two days later.

{¶ 21} Accordingly, the state presented evidence that appellant had used his position as a police officer to steal property obtained at a possible crime scene. Appellant's violation of departmental policy by taking the phone home, where he kept it for two days before the officers came to his home, gave rise to the permissible inference that he had committed a theft offense.

{¶ 22} Appellant argues that the abandoned hotel was not a crime scene and therefore there could be no "tangible nexus" between his official duties and a theft offense. While the testimony of several of the responding officers reflects that there was evidence that a trespass had occurred—thus creating the crime scene to which appellant

9.

responded while on duty—whether or not a crime had occurred at the scene is inconsequential. This argument is without merit.

{¶ 23} Based on the foregoing, we find that the state presented sufficient evidence to support the conviction of theft in office.

{¶ 24} In support of his argument that his conviction was against the weight of the evidence, appellant asserts that the credibility of the witnesses is "key," but fails to point to specific testimony from state's witnesses that was not credible. As this court has consistently affirmed, the trier of fact is vested with the discretion to weigh and evaluate the credibility of conflicting evidence in reaching its determination. It is not within the proper scope of the appellate court's responsibility to judge witness credibility. *See State v. Davis*, 6th Dist. Wood No. WD-10-077, 2011-Ohio-1394, ¶ 37.

{¶ 25} Officer Jeffrey Scott testified that appellant volunteered to book the phone into the night property room. After that, the officers on the scene dispersed. Officer Nathaniel Sahdala, another one of the officers on the scene, testified that he saw the phone and picked it up as the officers began to investigate the scene. Sahdala testified that at some point the phone was given to appellant, since appellant would be off duty earlier than Sahdala, whose understanding was that appellant was going to book the phone into the property room. Additionally, appellant testified that he was handed the phone by Sahdala and that Sergeant Bell told appellant to write a report for the phone as found property.

**{¶ 26}** Appellant testified that he forgot to book the phone because he had a lot going on in his personal life. The record reflects that appellant still had possession of the phone two days later, June 5, 2015, when Officer Bettinger arrived at his home after the phone's locater function, accessed online by the phone's owner, indicated appellant's address. Appellant testified that because Bettinger said the owners told him the phone they were looking for had been lost at a Waffle House, he did not realize they were referring to the phone found in the abandoned Clarion. Appellant testified that, later that day, he returned home to find Internal Affairs officers waiting to talk to him about the phone. After a brief discussion, appellant retrieved the phone from inside his house and gave it to the officers, who confirmed it was the phone in question.

**{¶ 27}** Officer Bettinger testified that when he went to appellant's house and told him the phone was pinging to his address, appellant said he did not have the phone. Appellant told Bettinger that if he found the phone he would call the owner. The owner, frustrated that Bettinger was not able to enter the house and look for the phone without a warrant, then went to Internal Affairs upon Bettinger's suggestion. Officer John Rose confirmed that, following a meeting with the owner of the phone, he and two other officers went to appellant's house. Appellant met them there and Rose told him they were looking for the phone. Rose testified that appellant asked them to wait a minute, went into his house and returned with several cell phones. It was then determined that one of the phones belonged to the complainant.

11.

**{¶ 28}** After considering the entire record that was before the trial court and weighing the evidence and all reasonable inferences, we cannot say that the jury clearly lost its way or created a manifest miscarriage of justice by finding appellant guilty of the charge against him. *Thompkins, supra*, 78 Ohio St.3d at 386, 678 N.E.2d 541. Based on the foregoing, appellant's manifest weight argument is without merit.

**{¶ 29}** Accordingly, appellant's second assignment of error is not well-taken.

**{¶ 30}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. The stay of the community control sentence entered on January 28, 2016, is hereby lifted. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____
                                              JUDGE

Thomas J. Osowik, J.            

                                           _____
James D. Jensen, P.J.                                           JUDGE
CONCUR.

                                                _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.