**STATE of Minnesota, Respondent,**

v.

**Walter DAVIS, Appellant.**

**No. A03–1426.**

Court of Appeals of Minnesota.

Aug. 17, 2004.

Mike Hatch, Attorney General; and Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant County Attorney, St. Paul, MN, for respondent.

John M. Stuart, State Public Defender, Theodora Gaitas, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; HARTEN, Judge; and HALBROOKS, Judge.

## OPINION

MINGE, Judge.

Appellant challenges his conviction of felon in possession of a firearm, arguing that (1) the district court abused its discretion in denying appellant's request for an accomplice-testimony jury instruction; (2) the district court abused its discretion in excluding evidence that the state collected gunpowder residue samples from appellant but never tested them; and (3) the prosecutor committed prejudicial misconduct in referring to evidence that appellant was present during another gun-related incident earlier in the day. Because we conclude that the district court erred in declining to give the accomplice-testimony jury instruction, we reverse and remand.

## FACTS

On January 4, 2003, appellant Walter Davis and a group of his friends went to a Wendy's restaurant. The group included appellant's brother, Dana Davis ("Dana"), and Perry Williams. While waiting in line to order food, another group arrived at the restaurant, including Robert Brown and Glen Acon. Appellant and his friends have had difficulties with Brown and his friends in the past.

Brown's group started a fight by attacking appellant's group with fists and chairs. Williams went to the car, retrieved a gun, and handed it to Dana as he was standing near an entrance. Dana fired the gun approximately four times. The facts as to what occurred next are contested. Williams testified that after he handed Dana the gun, he ran back to the vehicle and found appellant already inside. According to Dana, after Williams handed him the gun, Dana then handed the gun to appellant. Dana contends that as he turned to run, he heard more shots fired. Dana claims that appellant was directly behind him as they fled the scene and that they left in the same vehicle. Appellant denies ever having had the gun in his hands.

Officer Chad Degree arrived at the scene and discovered that three people, including Brown and Acon, had been shot by a small caliber handgun. Degree spoke to Brown at the scene and testified that Brown told him that there had been an argument and a fight, that Dana had the gun initially, but then handed the gun to appellant and that appellant, Dana, and Williams shot at them. At trial, Brown testified that he did not recall if he saw appellant with a gun that evening, but that he saw appellant run out of the building after Dana started firing.

Officer Degree also testified that when he interviewed Acon at the hospital, Acon told him that he saw appellant with a handgun, that Williams handed appellant the gun, and that appellant had shot him. Acon testified at trial that he did not see appellant with a gun.

Sergeant Bruce Wynkoop interviewed Dana two days after the incident. Dana told Wynkoop that Williams gave him the gun as the fight progressed, that he fired it before handing it to appellant, and that he heard a couple more shots as he ran away. Wynkoop also interviewed Ebony Green, a customer at Wendy's who knew appellant. Wynkoop testified that Green told him that someone from appellant's group retrieved a gun from a car, fired a couple shots, and then handed it to appellant. Green testified at trial that while she heard shots, she really did not see anyone with a gun. Timeka Lowe, Breisha Smith, and Jerrine Powers, who were also witnesses to the incident, testified that they never saw appellant with a gun.

Appellant was charged with one count of felon in possession of a firearm under Minn.Stat. § 624.713, subd. 1(b) (2002). Dana pleaded guilty to second-degree assault for his role in the incident, with an agreement that before sentencing he would testify honestly and truthfully against appellant. The parties stipulated that appellant was a person prohibited from possessing a firearm. Appellant testified at trial that he did not possess a gun that evening, that after fighting with Acon in the doorway, he escaped and went to the car, and that he left in a different car than Dana. Although appellant requested a jury instruction on accomplice testimony, the district court refused to give the instruction. The jury found appellant guilty. The district court sentenced appellant to the mandatory minimum sentence of 60 months in prison. This appeal followed.

## ISSUES

I. Did the district court abuse its discretion in denying appellant's request for an accomplice-testimony jury instruction?

II. Did the district court abuse its discretion in excluding evidence that a gunpowder residue test was performed on appellant after the shooting, but was never submitted for analysis?

III. Did the prosecutor elicit improper evidence at trial thereby committing prejudicial misconduct?

## ANALYSIS

### I. Accomplice-testimony jury instruction

 The first issue is whether the district court abused its discretion in denying appellant's request for an accomplice-testimony jury instruction. The accomplice-testimony instruction states that "[a jury] cannot find the defendant guilty of a crime on the testimony of a person who could be charged with that crime, unless that testimony is corroborated by other evidence that tends to convict the defendant of the crime." 10 *Minnesota Practice*, CRIMJIG 3.18 (1999). Regarding accomplice-testimony instructions, the Minnesota Supreme Court has stated:

> While such an instruction need not be given in every criminal case, it *must* be given in any criminal case in which any witness against the defendant might reasonably be considered an accomplice to the crime. If it is unclear whether or not a witness is an accomplice to the crime, the jury should make that determination, and if it is clear as a matter of law that a witness is an accomplice, then the trial court must so inform the jury.

*State v. Shoop,* 441 N.W.2d 475, 479 (Minn. 1989) (emphasis added). In determining whether a witness is an accomplice for the purpose of an accomplice instruction, the inquiry is whether the witness "could have been indicted and convicted for the crime with which the accused is charged." *State v. Flournoy,* 535 N.W.2d 354, 359 (Minn. 1995) (quotation omitted). The question here is whether Dana is an accomplice to the crime with which appellant is charged: felon in possession of a firearm.

Minn.Stat. § 609.05, subd. 1 (2002), states, "A person is criminally liable for a crime committed by another if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime." Dana admits he gave the gun to appellant. Although some witnesses state that appellant did not have the gun, Officer Degree testified that two witnesses had earlier told him that appellant had the gun and one witness claimed that Dana handed the gun to appellant. One item is clear: if appellant in fact did have the gun, there is a fact question as to whether Dana intentionally aided appellant in the commission of the crime and therefore could have been indicted or convicted of illegal possession of a firearm. Because we conclude that it is unclear whether Dana is an accomplice as a matter of law, the issue should have been submitted to the jury, and the accomplice-testimony instruction should have been given for the jury's use in case the jury determined Dana was an accomplice.

This is not a situation where there is sufficient corroboration in the record to make the lack of an accomplice-testimony instruction harmless error. The testimony is conflicting as to whether Dana handed the gun to appellant and as to whether appellant ever had possession of the gun during the incident. Interestingly enough, the only person who has consistently stated that appellant possessed a gun during the incident is Dana, appellant's brother,

and the possible accomplice. The victims, who are members of a rival group, told Officer Degree that appellant had the gun but testified differently at trial. Although Dana consistently stated that he handed the gun to appellant, he was awaiting sentencing; a highly vulnerable position. The accomplice testimony instruction is too important to overlook when the evidence is so contradictory. Therefore, we conclude that the district court abused its discretion in denying appellant's request for the accomplice testimony instruction and that a new trial is required.

## II. Excluding evidence of gunpowder residue test

■ The next issue is whether the district court abused its discretion in excluding evidence that the state collected gunpowder-residue sampling from appellant after the shooting but never submitted it for analysis. We choose to address this issue for remand purposes.

■ A district court has wide discretion in matters concerning the relevancy of evidence, and its determination will not be disturbed unless there has been a clear abuse of discretion. *State v. Swain*, 269 N.W.2d 707, 714 (Minn.1978). The rules of evidence allow the admission only of relevant evidence at trial. Minn. R. Evid. 402. Evidence is relevant when it tends to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Minn. R. Evid. 401.

Here, the simple fact that the test was taken, but not analyzed, does not make appellant's possession of the firearm any more or less probable. Also, the fact that the test was taken does not tend to show bias because appellant was not singled out in the testing; the gunpowder-residue tests were performed on four suspects.

Furthermore, the assertion that the state's failure to analyze the tests somehow suggests appellant's innocence is mere speculation. Therefore, the fact that the test was performed, but not analyzed, is irrelevant, and the district court did not abuse its discretion in excluding this evidence.

## III. Prosecutorial misconduct

■ Appellant argues that the prosecutor committed prejudicial misconduct by eliciting improper character evidence during cross-examination. Because we reverse and remand for a new trial, we need not reach this issue. However, we note that after the alleged improper remark was uttered, the district court sustained appellant's attorney's objection, instructed the jury to disregard it, and the remark was stricken from the record. Therefore, it appears that any potential prejudice was cured. *See, e.g., State v. Eggert*, 358 N.W.2d 156, 162 (Minn.App.1984) ("If appellant had objected, a cautionary instruction by the court following the objection, together with the rebuttal argument offered by appellant, could have cured any prejudicial effect.").

### DECISION

The district court abused its discretion in denying appellant's request for an accomplice-testimony jury instruction.

**Reversed and remanded.**